### SOUTHERN CALIFORNIA MOTOR-ROAD CO. v. UNION LOAN & TRUST CO. et al.

(Circuit Court of Appeals, Ninth Circuit. October 24, 1894.)

#### No. 129.

1. RAILROAD MORTGAGE—USUAL COVENANTS—ALLOWANCES TO COUNSEL.

A resolution of a board of directors of a railroad company, authorizing an issue of bonds, directed that such bonds should be secured by a mortgage "with the usual covenants and agreements." *Held*, that a covenant that the trustees should be entitled to just compensation, and to be reimbursed for all necessary expenses, "including expenses of all necessary attorneys, counsel, or agents in and about said trust," is properly inserted in the mortgage, and justifies the court in allowing counsel fees in a suit for foreclosure of the mortgage.

2. COUNSEL FEES—AMOUNT OF ALLOWANCE.

The amount of an allowance for counsel fees is, necessarily, to a great extent within the sound discretion of the trial court; and, finding nothing to indicate an abuse of discretion, this court declines to reduce an allowance of $15,000 in this case.

3. RAILROAD MORTGAGE—CHATTEL MORTGAGE ACT.

Where a statute of a state (Civ. Code Cal. § 456) makes special provision for the mortgage by railroad companies of their property and franchises, a mortgage by such a company of its property and franchises, though including locomotives and rolling stock, is not subject to the provisions of another statute (Id. §§ 2955, 2959), relating generally to chattel mortgages, and requiring such mortgages to be accompanied by an affidavit of good faith.

Appeal from the Circuit Court of the United States for the Southern District of California.

This was a suit by the Union Loan & Trust Company against the Southern California Motor-Road Company and others to foreclose a mortgage. Decisions were rendered respecting the payment of certain moneys for grading and macadamizing (49 Fed. 267), and, on motion of defendant, for payment of its counsel fees (51 Fed. 106). On final hearing, a decree of foreclosure and sale was entered. 51 Fed. 840. The Southern California Motor-Road Company appeals.

R. E. Houghton, for Southern California Motor-Road Co.

Charles D. Houghton, for Mary A. Franklin.

Curtis, Oster & Curtis, for San Bernardino Nat. Bank.

Edwin H. Lamme, for Union Loan & Trust Co.

W. J. Curtis and Chapman & Hendrick, for First Nat. Bank of San Bernardino.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is a suit in equity brought by the Union Loan & Trust Company, as trustee, to foreclose a mortgage executed by the Southern California Motor-Road Company, to

secure the payment of certain of its bonds which were issued to enable it to construct its road. The principal question involved upon the appeal was whether the bonds were regularly issued, and the oral arguments were directed to that question; but, since the cause was argued and submitted, appellant has withdrawn from the consideration of this court "all opposition interposed  *  *  * to the invalidity or irregularity of the issue, or to the invalidity or irregularity of the transfer or sale of the bonds in suit." This withdrawal leaves only two questions for consideration, viz.: First. Did the court err in the matter of the allowance of counsel and receiver's fees? Second. Did the court err in ordering, by its decree, that the sum of $12,000 should be retained out of the proceeds of the sale of the property of said motor-road company to satisfy the claim of the First National Bank of San Bernardino?

1. The contention of appellant is that no authority was ever given by the stockholders or board of directors to include in the mortgage the allowance of any counsel fees, and that no provision was made in the mortgage for the allowance of the same. This contention cannot be maintained. The resolution of the board authorizing the issuance of the bonds ordered that they should be secured by a first mortgage or deed of trust, "with the usual covenants and agreements to fully secure the payment of said bonds," etc.; and the mortgage contained a covenant that the trustee should be entitled to just compensation, and to be reimbursed for all necessary expenditures, "including expenses of all necessary attorneys, counsel, or agents in and about said trust, to be paid by the party of the first part." We are of opinion that this is such a "usual covenant" as was authorized by the board to be inserted in the mortgage, and that it justifies the action of the court in allowing counsel fees herein. The court allowed the sum of $15,000 as counsel fees, and allowed the receiver for his services at the rate of $6,000 per annum. These allowances are claimed by appellant to have been excessive and wholly unwarranted. The compensation to be allowed to counsel and receivers must in all cases be determined according to the circumstances of each particular case, and should correspond with the degree of care, responsibility, and ability that is required. Allowances of this character are necessarily, to a great extent, within the sound discretion of the trial court, "since it has far better means of knowing what is just and reasonable than an appellate court can have." Stuart v. Boulware, 133 U. S. 78, 82, 10 Sup. Ct. 242. We find nothing in the record which would justify us in saying that the court abused its discretion, and we decline to interfere with the action of the court in this respect.

2. The mortgage given by the motor-road company is prior in date to the attachments under and by virtue of which the First National Bank asserts its lien upon the rolling stock of said company. The statute of California provides that chattel mortgages may be made upon "locomotives, engines, and other stock of a railroad." Civ. Code, § 2955. And section 2957 provides that:

"A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good

faith and for value, unless, 1st, it is accompanied by the affidavit of all the parties thereto that it is made in good faith and without any design to hinder, delay, or defraud creditors."

The mortgage not being accompanied by such an affidavit, the circuit court held that the attachment liens of the bank were superior to the mortgage. Union Loan & Trust Co. v. Southern California Motor-Road Co., 51 Fed. 851. There is a great diversity of opinion upon this question in the different state courts where no express statute exists upon the subject. Jones, Ry. Sec. § 150. Several of the states, owing to the conflict in the decisions of the courts, have settled the matter by direct legislation. In all of the decisions which hold that the locomotives, engines, and other rolling stock of a railroad are subject to the provisions of the act relating to chattel mortgages it is conceded, if the question is referred to, that, if there is an independent statute of the state authorizing railroad companies to mortgage their corporate property and franchises to secure the payment of their bonds, the chattel-mortgage act would not be applicable, because it must be and is universally acknowledged that it is within the power of the legislature of a state to regulate the mode and prescribe the manner in which the real and personal property within the state may be conveyed or mortgaged. The Civil Code of California, in dealing with the subject of railroads and of corporate stock, provides that railroad corporations, for the purpose of constructing and completing their roads, may, among other things, "mortgage their corporate property and franchises." Civ. Code, § 456. There are no conditions attached to this power. It is absolute, and gives to the railroad the right to mortgage its personal, as well as real, property for the purpose mentioned, without incumbering it with any of the conditions attached to the chattel mortgage act. The act relating to chattel mortgages may be applicable in cases where a mortgage is given by a railroad company simply upon its "locomotives, engines, or other stock," wholly independent and separate from its franchises and other corporate property; but when the mortgage of a railroad company, as in the present case, covers personal property in connection with the real estate and corporate franchises, as it is authorized by statute to do, such a mortgage creates a valid and binding lien on its personal as well as its real property, and the provisions of the chattel-mortgage act have no application to such a mortgage.

The decree of the circuit court is hereby modified by striking out therefrom that portion which provides for a reservation of the sum of $12,000 from the proceeds of the sale, to be applied to the payment of the claim of the First National Bank of San Bernardino, and in all other respects it is affirmed. The Union Loan & Trust Company is entitled to recover its costs herein against appellant. Appellant is entitled to recover from the First National Bank one-tenth of the costs of the record on appeal, and all other costs by it incurred in presenting the issues between it and the bank.