SLOAN et al. v. MITCHELL et al.

BOUND v. SOUTH CAROLINA RY. CO.

(Circuit Court of Appeals, Fourth Circuit. November 11, 1895.)

No. 114.

PRACTICE—ALLOWANCE TO COUNSEL—APPEAL.

An order making an allowance to counsel in a foreclosure suit, made after investigation by the court with the aid of experts, should not be disturbed on an appeal taken by parties who had full opportunity to make objection to the order, but produced no evidence tending to indicate their own view of what the allowance should be.

Appeal from the Circuit Court of the United States for the District of South Carolina.

Samuel Lord, for appellants.

J. P. K. Bryan, for appellees.

Before GOFF, Circuit Judge, and HUGHES, District Judge.

HUGHES, District Judge. The original complainant in the proceeding below, F. W. Bound, was the individual holder of second-mortgage bonds of the South Carolina Railroad Company. He made the trustees of the second mortgage and the trustees of the first mortgage, and an individual holder of bonds of the first mortgage, on which judgment had been obtained, parties defendant to the suit. His bill prayed the foreclosure of the mortgages and the settlement of the debts of the railroad company according to their priorities. The trustees of the second mortgage, under which the complainant held bonds, challenged his right to bring and conduct this suit. But his right was sustained by the court below, and the suit went on to a conclusion there, under the control of the original complainant, and of his counsel, Mitchell & Smith. There was constant and active supervision of the property in its charge by the court, many and various vexed questions having been submitted and passed upon by the court, the litigation in support of the objects of the suit being conducted throughout by the counsel of the original complainant. At the close of proceedings in the suit, the court below made an allowance to these counsel of such an amount of compensation for their services in conducting the suit as it deemed just, proper, and adequate. It had sought and obtained the aid of experts in determining what the amount of this compensation should be. The persons and parties in interest who oppose this allowance, and who are appellants here, had had full opportunity to make objection, but produced no evidence tending to indicate their own view of what the allowance should be. Questions of this sort depend upon the special facts and circumstances of each particular case. Necessarily, they lie largely in the discretion of the judge dealing with them. We see no error in any ruling or order of the court below in these proceedings, and the record shows such facts and circumstances as justified the court below in making the allowances it did; therefore the decree complained of should not be interfered with. The decree of the court below must be affirmed.