MORRILL, RESPONDENT, v. HERSHFIELD, APPELLANT.

[Submitted February 25, 1897.   Decided March 1, 1897.]

*Attorney— Value of Services—Hypothetical Question.*

Where an attorney sues for services rendered in an action, it is not error to allow an expert to answer a hypothetical question which does not include the result of that litigation; for although that is a fact which the jury may consider, it may be brought out upon cross-examination of the witness.

*Appeal from District Court, Lewis and Clarke County. H. N. Blake, Judge.*

ACTION by Fred B. Morrill against Aaron Hershfield, to recover for services rendered as an attorney.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*McConnell, Gunn & McConnell,* for Appellant.

Citing *Stevens* v. *Ellsworth,* 63 N. W. 683; *Randall* v. *Packard,* 36 N. E. 823; *Selover* v. *Bryant,* 40 Am. St. Rep. 349.

*C. B. Nolan* and *R. R. Purcell,* for Respondent.

The result of the litigation is not an element to be taken into consideration in determining the value of an attorney's services.   (1 Am. & Eng. Ency. of Law, 967; Weeks on Attorneys, § 577, page 693, § 343 and note; *Foster* v. *Jack,* 4 Watts (Pa.) 339; *Webb* v. *Browning,* 14 Mo. 353, 55 Am. Dec. 108; *Babbitt* v. *Bumpus,* 73 Mich. 331, 16 Am. St. Rep. 585, 41 N. W. 417 ; *Holly Springs* v. *Manning,* 55 Miss. 380; *Rose* v. *Spies,* 44 Mo. 20; *Vilas* v. *Downing,* 21 Vt. 419; *Knight* v. *Russ,* 77 Cal. 410, 19 Pac. 698; *Stanton* v. *Embrey,* 93 U. S. 557; *Grand Tower Co.* v. *Phillips,* 23 Wall. 471; *Durst* v. *Burton,* 47 N. Y. 167; *Jones* v. *Railway Co.,* 13 S. W. 416; *Ottawa University* v. *Parkinson,* 14 Kan. 162; *Babbitt* v. *Bumpus,* 41 N. W. 417.)   It is well settled

that in propounding a hypothetical question the council may assume the existence of any state of facts which the evidence fairly tends to justify : (*Mercer* v. *Vose*, 67 N. Y. 56; *Stearns* v. *Field*, 90 N. Y. 640 ; *Filer* v. *New York Central R. R. Co.*, 49 N. Y. 42; *Harnett* v. *Garvey*, 66 N. Y. 641; *Cowley* v. *The People*, 83 N. Y. 470; *Kerr* v. *Lunsford*, 2 L. R. A. 669; *Lamoure* v. *Caryl*, 4 Denio 370; *Stevens* v. *City of Minneapolis*, 43 N. W. 843.) If opposing counsel does not think all the facts are included in the hypothetical question he may include them in questions propounded on cross-examination. (*Davidson* v. *State* (Ind.) 34 N. E. 973; *Goodwin* v. *State*, 96 Ind. 550, 555; *The Gulf Etc. Ry. Co.* v. *Compton*, 75 Tex. 667, 673, 13 S. W. 667; *Roraback* v. *Pennsylvania Co.* (Conn.) 20 Atl. 465; *Klotz* v. *James* (Ia.) 64 N. W. 648; *Fort Worth & Etc. Ry. Co.* v. *Greathouse* (Tex.) 17 S. W. 834, 837.) It is well settled that error in the admission of evidence, there being unobjectionable evidence to the same facts and no attempt to disprove them, is harmless. (*Ohio & M. Ry. Co.* v. *Tabor* (Ky.) 32 S. W. 168; *Milliken* v. *Maund* (Ala.) 20 So. 310; *Galvin* v. *Palmer* (Cal.) 45 Pac. 172.)

HUNT, J.—Plaintiff and respondent brought this action to recover a balance due for legal services performed by him for the appellant. The appellant does not dispute the fact that the services were rendered. The action in which the plaintiff was employed was one for divorce, instituted in the district court at Fargo, N. D. The record shows that the suit was bitterly contested, and resulted in a judgment adverse to the appellant, who was the plaintiff in that action. To prove the plaintiff's allegation herein that his professional services were worth $3,500, the plaintiff testified himself, and introduced several depositions of lawyers engaged in the practice of their profession at Fargo, N. D. Two of these lawyers, who gave their evidence by deposition,—W. F. Ball and John S. Watson, Esqs.,—testified that they represented the interests of the defendant in the divorce action, and were familiar with the case, its character and magnitude, and knew of the services

and labor performed by the plaintiff herein (Morrill), who represented the plaintiff, Hershfield, in that case. They estimated the value of plaintiff's services at from three to five thousand dollars. The evidence of these two witnesses was uncontradicted. To the other lawyers who were called to give their depositions the respondent put a hypothetical question, in which were recited the nature of the action in which plaintiff had performed the professional services sued for; the time devoted by him to the case, the trips taken by him to other places in connection with the business of this suit, the resisting of motions for alimony and suit money, the responsibility of the control, preparation and management of the case, the time the trial lasted, and other matters apparently connected with the supposed lawsuit referred to. The answers to these questions put the value of the plaintiff's services at various sums from four to ten thousand dollars. The jury awarded the plaintiff $1,194. To such hypothetical question asked the several witnesses who were called as experts, the appellant objected, because the question propounded did not include one of the elements entering into the determination of the reasonableness of the compensation of an attorney, namely, whether or not the action in which the services were rendered was decided in favor of the defendant or against him. The court overruled the objection, and permitted the question and answers to be read to the jury, and it is this alleged error alone that appellant relies upon.

The better rule appears to be that in an action brought by an attorney to recover the reasonable value of his services in the conduct of a lawsuit, it is proper that the result of the litigation be laid before the jury as one of the elements to be considered by them in arriving at a just valuation to be put upon his services. (*Randall* v. *Packard*, 142 N. Y. 47, 36 N. E. 823; *Stevens* v. *Ellsworth* (Ia.) 63 N. W. 683.) But while it was one of the proper elements for consideration, we cannot say that it is so essential as to require us to conclude that its omission on direct examination was prejudicial to the appellant's rights. We must assume that the appellant had notice

of the taking of the depositions and of the interrogatories that were to be propounded to the experts.. He therefore had an opportunity to cross-examine them, and to include the element of the result of the litigation in his cross-examination, if he desired to do so. So far as the question propounded to the experts went, it is not complained of, and the rule is that when a witness has expressed an opinion based upon facts assumed by the one whose witness he is, the opposite party may cross-examine him by taking his opinion, based upon any other facts assumed to have been proved by the evidence, provided, of course, that such hypothetical state of facts is fairly within the scope of the evidence adduced on the trial. If the question asked of the witness is defective because it does not state enough, and in the opinion of the counsel there was evidence other than that included in the hypothetical question, which he believed it was proper for the witness to consider, the attention of the witness should be called to it upon cross-examination. *Davidson* v. *State* (Ind. Sup.) 34 N. E. 972; *Goodwin* v. *State*, 96 Ind. 550; *Railroad Co.* v. *Compton*, 75 Tex. 667, 13 S. W. 667; Rog. on Expert Testimony, § 27.) But the question put may not be improper because it includes but a part of the facts in evidence. (*Stearns* v. *Field*, 90 N. Y. 640; *Mercer* v. *Vose*, 67 N. Y. 56; Thompson on Trials, § 625.) Moreover, the jury were fully advised by the testimony of respondent himself of the result of the litigation in which plaintiff rendered his professional services. It is also to be noted that the uncontradicted testimony of the witnesses Ball and Watson, who gave their opinions, not upon a hypothetical case, but as a result of their own knowledge of all the facts, which necessarily included a knowledge of the results, conformed to the evidence given in response to the hypothetical question put to the other witnesses. The verdict, therefore, was fully sustained by this uncontradicted testimony of the witnesses Ball and Watson alone, and the appellant is in no condition to complain of harm done him. (*Roraback* v. *Pennsylvania Co.* (Conn.) 20 Atl. 465; *Railway Co.* v. *Tabor* (Ky.) 32 S. W. 168; *Galvin* v. *Palmer* (Cal.) 45 Pac. 172.)

No complaint is made because of the instructions to the jury. We will therefore presume that they were in accord with the issues raised, and were warranted by the evidence given. Judgment affirmed.

*Affirmed.*

BUCK, J., concurs.

