## SHOUP *v.* SNEPP ET AL.

### [No. 2,682. Filed March 8, 1899.]

ATTORNEY'S FEE.—*Bills and Notes.—Decedents' Estates.*—A note providing for attorney's fees was filed by the payee against the estate of the maker. After the allowance, and partial payment by the administrator, suit was brought thereon against the sureties. Pending the suit, the administrator paid the balance of principal and interest which was received and receipted for by claimant in full of his claim against the estate. *Held,* that the sureties were liable for attorney's fees incurred in the suit. *pp. 31-35.*

Shoup *v.* Snepp.

ATTORNEY'S FEE.—*Amount of Fees.—Burden of Proof.*—In an action on a promissory note providing for attorney's fees, the burden is upon plaintiff to show the amount of his attorney's fees. *pp. 35, 36.*

From the Pulaski Circuit Court. *Reversed.*

*Burson & Burson* and *F. L. Dukes,* for appellant.

*Steis & Hathaway* and *B. Borders,* for appellees.

BLACK, C. J.—The appellant sued the appellees upon a joint and several promissory note made to the appellant by the appellees and one John Treadway for $300 with interest and attorney's fees, the complaint alleging that there was due and unpaid on the note $244.80 and interest, and that a reasonable fee for the plaintiff's attorney in this action was $30, which sum it was alleged "plaintiff has incurred and is liable to pay." Judgment for $300 was demanded.

The only matter presented in argument relates to the appellant's exception to the court's conclusion of law upon the facts stated in a special finding. It was stated in the finding, in substance, that on the 5th day of October, 1890, one John Treadway borrowed of the appellant $300 in money, and executed to him the note in suit for that sum of that date, due twelve months thereafter, with interest and attorney's fees, payable at a certain bank named in this State; that the appellees signed the note as sureties, the appellant at the time knowing that the consideration was received by John Treadway, and that the appellees were sureties; that prior to June, 1895, said John Treadway died, in Pulaski county, Indiana, intestate, and in June, 1895, one James Treadway was by the court below appointed administrator of the estate of said John Treadway, and at once entered upon the discharge of his duties as such administrator; that the estate was solvent, and the administrator used all legal means within his power to settle the estate, and it was not his fault that it was not fully settled and all claims paid within a year after his appointment; that all the money that came into his hands belonging to the estate was by him promptly applied to the

payment of claims against the estate; that on the 29th day of July, 1895, the appellant filed in the office of the clerk of said court, as a claim against said estate, the note here in suit, with his affidavit, which is set out in the finding in the usual form, stating that the note amounted to $300, and interest, and the claim was on the same day entered upon the docket of estates in said office, there being some credits of small amounts, chiefly interest, indorsed upon the note; that immediately after the filing of the claim, the administrator allowed the claim in full, and entered the allowance of record; that on the 25th day of May, 1896, the administrator paid said clerk $118.57, to apply on said claim, and on the same day said amount was paid to the appellant, and he receipted therefor on the claim docket; that on the 13th day of July, 1896, the appellant, by his attorney, F. L. Dukes, began this suit by filing in the office of said clerk his complaint, and causing summons to issue thereon against the appellees; that shortly afterward said administrator paid to said clerk $17.83, which sum was paid by the clerk to F. L. Dukes, and was by him receipted for on the claim docket; that on the 3rd day of October, 1896, said administrator paid in the clerk's office $907, to be applied upon claims against said estate, and, at the time, notified the clerk that $226.88 of said amount was to be paid for the use of the appellant, and was in full of his claim upon the note in suit against said estate; that the appellant on the same day was notified that his claim had been paid in full, and on the same day he went to the clerk's office and received from the clerk $226.88, and receipted to the clerk for said sum as being in full of his claim against said estate; that at that date there was due to the appellant, as principal, and interest upon the note, the sum of $226.88, and no more, not including attorney's fees, and no part of said amount was for attorney's fees. It was further stated that the services of an attorney in and about the collection of the amount due on said note were worth $20, and that the services of an attorney in and about the

trial of this cause were worth $15 in addition thereto, by reason of the litigation, making in all $35.

The court stated as its conclusion of law, "that there is no further sum due the plaintiff on the note in this suit, and that the plaintiff is not entitled to judgment for any sum for attorney's fees." Judgment was rendered against the appellant for costs.

When this action was commenced against the sureties, the note had been filed by the appellant as a claim for the principal and interest thereon against the estate of the deceased principal, and the claim had been allowed of record by the administrator and had been by him in part paid to the appellant. But it had not then been fully paid, and therefore the appellant could institute and maintain a separate action against the other makers for the unpaid portion. If it had been found that at the time of the trial of the case at bar the appellant had not been paid the balance of his claim against the estate, there can be no question that, along with the recovery of judgment for that balance, he would have been entitled to recover also a reasonable attorney's fee.

Pending a suit upon a note for an unpaid portion of the principal, and interest thereon, and for the attorney's fee stipulated in the note, the plaintiff, before the trial, received payment of all that he was entitled to recover in the action, except the stipulated attorney's fees.

If the case were one where a sole payee was suing a sole maker, and the former had been paid by the latter pending the action, all the demand except the attorney's fee, it would seem reasonably plain that the plaintiff would still be entitled to recover for the services of the attorney rendered in connection with the collection of the note, for which recovery the suit was in part rightfully commenced.

Contracts for the payment of attorney's fees are only upheld upon the ground that they are a reasonable indemnity against loss actually and necessarily incurred by the failure

of the payor, and such a stipulation only becomes operative where expenses have been actually and necessarily incurred in the employment of an attorney for the enforcement of collection, consequent upon the failure of the payor to keep his engagement, and then only to the extent of the expense actually paid, or to be paid, or reasonably chargeable. *Goss v. Bowen*, 104 Ind. 207.

In *Moore, Adm., v. Staser*, 6 Ind. App. 364, it was held that a stipulation in a promissory note to pay attorney's fees covers the fee of an attorney for the collection of the note made necessary by the default of the maker, whether suit be brought or not upon the note, and that such a fee might be recovered by the holder of a note, though before suit brought the maker tendered to the attorney the amount of the note, less the attorney's fee, which being refused, the tender was kept alive. It was held by the court in that case, "that when the payor has made default, and the payee, in good faith, and for the purpose of enforcing the contract, employs an attorney at law to proceed to compel its enforcement, and such attorney renders services under such employment, the payor must indemnify the payee for such sum as the payee may become liable for by reason of such employment and service rendered."

It was said by this court in *Rouyer, Adm., v. Miller*, 16 Ind. App. 519, 522, that it must be regarded as settled by the case of *Moore v. Staser, supra*, that attorney's fees are recoverable where the note has been placed after maturity in an attorney's hands for collection, and a liability to him for services has been incurred. *Moore v. Staser, supra*, is approvingly cited by the Supreme Court in *Western Union, etc., Co. v. State*, 147 Ind. 274, 276.

The result of a lawyer's services is a proper and important element to be taken into consideration in determining their value. *Randall v. Packard*, 142 N. Y. 47, 36 N. E. 823.

In pursuing the statutory method for receiving payment from the estate of the deceased principal, the claimant him-

self filed his claim without an attorney. He does not appear to have incurred any expense for the services of an attorney in the matter of the claim against the estate. His whole claim was satisfied by the payment from the administrator through the clerk of the balance of the principal and interest. But in the meantime he had rightfully incurred expense for the services of an attorney in bringing suit against the sureties. Failure of the makers of the note to pay it at maturity gave him the right to sue the sureties separately, and to include in his demand the expense for an attorney's service.

If failure of the principal, or his representative, to pay a balance was a sufficient legal reason for instituting the suit for that balance against the sureties, it was a sufficient ground for demanding in that suit a reasonable attorney's fee for the services pertaining to the suit to collect that balance. Stipulations in notes for the payment of attorney's fees are contracts of indemnity purely, and cannot be made a cloak for speculation and profit by the holder. *Rouyer* v. *Miller*, 16 Ind. App. 519.

It was found, as already stated, that "the services of an attorney in and about the collection of the amount due on said note are worth $20." It was shown in the finding that the principal and interest were collected, not through this suit, or by the services of an attorney therein, but by the appellant himself by the filing of his claim, and the payment thereof by the administrator. A small sum was received from the clerk by F. L. Dukes, that being the same name as that of the attorney, who, it is stated in the finding, filed the complaint in this action.

The finding does not clearly show the value of the services of an attorney actually and necessarily rendered in this action, or in the collection of any demand founded upon the note, or so rendered under employment for such purposes, except the value of the services in and about the trial of this cause, stated to be $15. The burden was upon the appellant

to show the amount of his attorney's fees. *Starnes* v. *Scho-field*, 5 Ind. App. 4. We must assume that the finding states all the facts proved. The facts stated show him to be entitled to recover $15.

The judgment is reversed, and the cause is remanded, with instruction to state a conclusion in agreement with this opinion.