### JAPHET et al. v. PULLEN et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 30, 1913. Rehearing Denied March 5, 1913.)

1. INFANTS (§ 83*)—ACTIONS—GUARDIAN AD LITEM—COMPENSATION.

Where infant defendants filed a cross-action for relief of the same character sought by plaintiff and recovered $5,000 more than plaintiff, evidence as to the amount paid plaintiff's attorneys for their services was admissible on a motion to fix the allowance of the infants' guardian ad litem.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

2. INFANTS (§ 83*)—ACTIONS—GUARDIAN AD LITEM—COMPENSATION.

After a decree in a cause, a hearing was had for the purpose of fixing the compensation of infant defendants' guardian ad litem, and testimony taken. Upon objection that the compensation could be better fixed after the termination of the litigation, the court deferred the fixing and allowance of compensation until after an appeal. *Held*, that the court, in fixing the compensation of the guardian ad litem, could properly consider the evidence taken on the prior hearing, and might have fixed the compensation without any hearing; the services having been rendered under and subject to its orders.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

**3. INFANTS (§ 83*)—ACTIONS—GUARDIAN AD LITEM—COMPENSATION.**

In determining the amount of an allowance to be made to an attorney acting as guardian ad litem for infant defendants, the difficulties and importance of the case, the amount of work and labor performed, the amount involved, the benefits to the infants from the results of the litigation, and the character of the compensation, whether contingent or fixed, should be considered.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

**4. APPEAL AND ERROR (§ 984*)—INFANTS (§ 83*)—ACTIONS—GUARDIAN AD LITEM—COMPENSATION.**

Since the services of a guardian ad litem are rendered under the orders and supervision of the trial court, which is therefore thoroughly familiar with their nature, extent, and value, and with all matters properly to be considered in fixing the fee, and is in a better position to fix the compensation than an appellate court, the fixing of the compensation is left to the sound discretion of the trial court, and is not reviewable by an appellate court unless an abuse of discretion clearly appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3881–3888; Dec. Dig. § 984*; Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Betty Pullen and husband against Ida Japhet and others. From an order fixing the compensation of the guardian ad litem of infant defendants, such infant defendants appeal. Affirmed.

E. P. & O. K. Hamblen, of Houston, for appellants. B. F. Louis, of Houston, for appellees.

HIGGINS, J. Betty Pullen, joined by her husband, brought suit against Ida Japhet in her individual capacity and as independent executrix of the estate of Isadore Japhet, deceased, and as guardian of the estate of the testator's minor children, also against Dan A. Japhet and Japhet & Co., a corporation, for the recovery of an interest in the property of the estate of the decedent, which she alleged had been appropriated by the defendants, and for a partition of the property of said estate. Ernst, Hilda, Alfred, and Emil Japhet, the last three named being minors, were made parties defendant to said suit as heirs and devisees of the testator, but no such relief was sought by the plaintiffs against them, save and except such as was appropriate to the partition of the property. B. F. Louis, appellee herein, a practicing attorney of the Harris county bar, of high professional standing and unimpeachable integrity, was appointed guardian ad litem of the three minor defendants, and as such guardian he filed cross-action against Ida Japhet, Dan A. Japhet, and Japhet & Co., adopting the allegations contained in the petition of plaintiffs. The suit of the plaintiffs and cross-action of the three minors was vigorously contested by the defendants, every effort being made to defeat the relief prayed for, but upon final

trial judgment was rendered in the district court in favor of the minor defendants upon contested items amounting in value to approximately $129,744 at the date of the decree in the district court, in addition to an interest of $60,000 in realty, which was not contested, and, upon the termination of the litigation by denial of writ of error by the Supreme Court, the decree in favor of said minors was for an amount in excess of $150,000 exclusive of such realty interest. The case is reported in 133 S. W. at page 441, and a perusal of the opinion there rendered will disclose more fully the character of the litigation and the vigor with which the rights of the minors were contested by the mother, the half-brother Dan Japhet, and the corporation of Japhet & Co. After the final termination of the litigation, a motion was filed by the guardian ad litem for the allowance of compensation for his services, and upon hearing of the motion an order was entered by the court allowing him $10,000, which was taxed against the estate of his wards, and from this order the minors have appealed.

The first assignment complains of the exclusion of certain evidence offered by appellant upon the hearing of the motion, which was excluded upon the ground of immateriality. The assignment is regarded as being not well taken.

[1] The second assignment complains of the admission of evidence to the effect that the original plaintiff, Betty Pullen, recovered an amount about $5,000 less than each of the minors had recovered, and had paid her attorneys a fee of $10,000 for their services, in addition to the expenses incurred by them. This evidence was admissible as a circumstance to aid the court in determining the proper fee to allow the guardian. Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Knight v. Russ, 77 Cal. 410, 19 Pac. 698; Vilas v. Downer, 21 Vt. 419; 3 Sutherland on Dam. (3d Ed.) § 682, p. 2038, and note.

[2] In August, 1909, after the court had rendered its decree in the cause and before the same was entered in the minutes, a hearing was had by the court for the purpose of fixing the compensation of the guardian ad litem, and upon such hearing H. M. Garwood, L. B. Moody, Col. O. T. Holt, and other attorneys of the Harris county bar, testified to the reasonable value of the services rendered by the guardian ad litem up to that date, their testimony being based upon the statement to them by the court of what such services had been, and such witnesses valued the services rendered all the way from $7,500 to 10 per cent. of the amount of the recovery. Counsel for appellants, however, objected to the allowance of a fee at that time, urging that the compensation could be fixed to better advantage at the termination of the litigation, as the exact status of matters and the extent and value of the services rendered could then be definitely determined,

whereupon the court, in accordance with such request, deferred the fixing and allowance of the compensation. Upon appealing from the order of the court fixing the compensation at $10,000, the parties were unable to agree upon a statement of facts, and the same was therefore prepared by the court, who incorporated therein, as a part of the statement, the evidence of said attorneys, and it is here objected that the court erred in considering such testimony and incorporating the same in the statement of facts, upon the ground that the testimony had been given nearly two years prior to the hearing of the formal motion for the allowance of compensation, and no record kept thereof, and no excuse given why said witnesses should not be placed upon the stand. Counsel for appellants treat this proceeding as in the nature of a formal suit, but such is not the case. It was the duty of the court to fix the compensation of the guardian ad litem, and since the services were rendered under and subject to the orders of the court, and under its eye, the same might have been fixed without any hearing whatever of testimony and without any motion to fix the same, because the court must necessarily have known the extent of the services rendered, their value to the wards, and what would be a reasonable compensation; but, if he saw fit to hear testimony upon the subject, he could proceed and hear the same at different times and consider all of the testimony before him when he finally came to determine the proper fee to be allowed.

We pause here to state, with reference to all of the preceding assignments of error, that they are technical in their nature, and there is nothing to indicate that appellants were deprived of any substantial right whatever by any of the proceedings complained of; and, in a proceeding of this kind, it would be improper to reverse and remand upon purely hypercritical and technical objections.

[3] We pass now to a consideration of the contention that the fee allowed was excessive. That is the only substantial matter presented by the appeal, and in determining this question there should be considered the difficulties and importance of the case, the amount of work and labor performed, the amount involved in the litigation, the benefits to the wards from the results of the litigation, and the character of the compensation, whether contingent or fixed. McCallon v. Cohen, 39 S. W. 973; Connellee v. Eastland, 31 S. W. 552; Randall v. Packard, 142 N. Y. 56, 36 N. E. 823; Garrigus v. Gilbert, 4 Ky. Law Rep. 1001; Gorman v. Banigan, 22 R. I. 22, 46 Atl. 38; Eggleston v. Boardman, 37 Mich. 14; Selover v. Bryant, 54 Minn. 434, 56 N. W. 58, 21 L. R. A. 418, 40 Am. St. Rep. 349; Southern, etc., v. Union, etc., 64 Fed. 450, 12 C. C. A. 215; 22 Cyc. 667, 668; Am. & Eng. Enc. of Law, vol. 15, p. 14; 3 Sutherland on Dam. (3d Ed.) § 682, p. 2038, and

note; Campbell v. Goddard, 17 Ill. App. 385; Trimble v. Railway Co., 201 Mo. 372, 100 S. W. 7; Shoup v. Snepp, 22 Ind. App. 34, 53 N. E. 189; Morrill v. Hershfield, 19 Mont. 247, 47 Pac. 997.

We will not undertake to review the various contentions of the appellants that this fee was excessive, but it is sufficient to say that none of them are well taken. In the opinion of the writer, it was a most reasonable fee, and the facts would have warranted the court in the allowance of a sum considerably greater.

[4] Aside from this consideration, the services of a guardian ad litem are rendered under the orders and supervision of the trial court, and that court is thoroughly familiar with the nature, extent, and value of the services rendered, and with all of the matters properly to be considered in fixing the fee, and therefore is in a better position to fix the proper compensation for such services than an appellate court could possibly be, and the fixing of such compensation should be left to the sound discretion of the trial court and not be reviewed by an appellate court, unless it clearly appears that there has been an abuse of this discretion. Stuart v. Boulware, 133 U. S. 82, 10 Sup. Ct. 242, 33 L. Ed. 568; Southern, etc., v. Union etc., supra; Central Trust Co. v. Ingersoll, 87 Fed. 427, 31 C. C. A. 41; Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Sloan v. Mitchell, 72 Fed. 89, 18 C. C. A. 443; 34 Cyc. 466 and 474.

Appellee, by appropriate cross-assignments, complains that the fee should have been at least $15,000, and asks that it be so fixed.

The writer is of the opinion, as above indicated, that under the facts in this case such a fee should have been properly allowed.

Associate Justice McKENZIE is of the opinion that a fee of $10,000 is to some extent excessive; but we both fully concur in the view that the proper amount of compensation was peculiarly a matter within the knowledge of the trial court, and the fixing of the same rested within his sound discretion, and that this court should not interfere unless an abuse of such discretion shall appear. We concur in the view that no abuse of discretion, either way, is shown, and that the fee fixed by the trial court should be allowed to stand, and neither reduced nor increased by this court.

Affirmed.