J. McD. TRIMBLE et al. v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

Division One, April 13, 1914.

SERVICES RENDERED: Contractual Relations: Quantum Meruit. Where the petition charged an agreement by defendant to assume and pay the debts and expenses incurred by a committee which had undertaken to reorganize and consolidate several railroad companies, and there was substantial evidence supporting the finding of the trial judge that such agreement was made, that the services rendered by plaintiffs in and about such reorganization was a part of the expense, and that those services were reasonably worth the amount for which judgment was rendered, said judgment will be affirmed on appeal.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*S. W. Moore, Cyrus Crane* and *James M. Souby* for appellant.

The Southern Company is not liable for the debts of the Gulf Company or of the Belt Company upon the theory of a consolidation of these companies. R. S. 1909, secs. 1059, 1061; Harriman v. Securities Co., 197 U. S. 244; State ex rel. v. Leseur, 145 Mo. 322; Railroad v. Missouri, 152 U. S. 301; Burge v. Railroad, 100 Mo. App. 464; Dicky v. Railroad, 122 Mo. 223; Holton v. Railroad, 25 Mo. App. 322; Hagemann v. Railroad, 202 Mo. 249; Pullman Co. v. Railroad, 115 U. S. 587; Peterson v. Railroad, 205 U. S. 364; Hoard v. Railroad, 123 U. S. 222; Jones v. Electric Co., 135 Fed. 153; Lee v. Railroad, 150 Fed. 775; Jessup v. Railroad, 36 Fed. 735; Loan and Trust Co. v. Railroad, 103 Fed. 110; Paton v. Railroad, 85 Fed. 838; Armour v. Bennetts' Sons, 123 Fed. 56; Adams v. Railroad, 24 So. 211; Telephone Co. v. Telephone Co., 30 So. 725; Railroad v. Cochran, 43 Kan. 225; Commonwealth v. Bridge Co., 64 Atl. 909; Ulmer v. Railroad, 57 Atl. 1001; Bank v. Construction Co., 25 S. E. 326; Railroad v. Ashling, 43 N. E. 373; Foundry Works v. Water Co., 105 Wis. 48. (2) There is no express promise contained in the reorganization plan and agreement for the payment of the floating debt of the constituent companies upon which the plaintiffs are entitled to maintain an action to collect their judgments against the Gulf Company and the Belt Company. St. Louis v. Contracting Co., 202 Mo. 451; Manufacturing Co. v. Clark, 208 Mo. 89; Howsman v. Water Co., 119 Mo. 304; Bank v. Grand Lodge, 98 U. S. 123; Keller v. Ashford, 133 U. S. 610; Insurance Co. v. Water Co., 33 Sup. Ct. 32; Trust Co. v. Water Co., 132 Fed. 702; Sayward v. Dexter, 72 Fed. 758; Bank v. Railroad, 76 Fed. 130; McIlvaine v. Lumber Co., 54 S. E. 473; Manufacturing Co. v. Water Co., 37 So. 980; Moyer v. Railroad, 132 Ind. 88; Freeman v. Pennsylvania Co., 173 Pa. St. 274; Armour & Co. v.

Construction Co., 78 Pac. 1106; Rochester D. G. Co. v. Fahy, 97 N. Y. Supp. 1013. (3) The Federal Court, in the foreclosure decrees in the cases of the Gulf Company and the Belt Company, retained jurisdiction to hear and determine such claims as those of the plaintiffs. Such retained jurisdiction was exclusive and this court is without jurisdiction to hear and determine this action. Julian v. Trust Co., 193 U. S. 93; Cotton Mills v. Manufacturing Co., 198 U. S. 188; Trust Co. v. Gulf Co., 120 Fed. 398; Trust Co. v. Gulf Co., 110 Fed. 10; Railroad v. Adelbert College, 208 U. S. 38; Ex parte Young, 209 U. S. 123.

*John A. Eaton* for respondents.

(1) There was a consolidation and consequent liability of the constituent company in fact and in law for the payment of the judgments of Trimble & Braley rendered for services. Improvement Co. v. Steel Co., 201 Fed. 811; Railroad v. Boyd, 228 U. S. 505, 177 Fed. 804; Trust Co. v. Railroad, 174 U. S. 674; Railroad v. Howard, 7 Wall. 392; Trust Co. v. Railroad, 171 Fed. 43; Railroad v. Ashling, 160 Ill. 373; Sec. 1059, R. S. 1899; Elliott on Railroads, sec. 337; Leavenworth County v. Railroad, 134 U. S. 696; Shields v. Ohio, 95 U. S. 359; Railroad v. Missouri, 152 U. S. 301; Evans v. Transit Co., 106 Mo. 594. (2) The Southern Company is liable by reason of its contractual obligation to pay the judgments rendered in favor of Trimble & Braley against the Gulf and Belt Companies. (a) Because of the assumption of the obligation. (b) Because it is a direct obligation against the Southern or consolidated Company. Trimble v. Railroad, 180 Mo. 574; Trimble v. Railroad, 199 Mo. 44; Trimble v. Railroad, 201 Mo. 372; Smith v. Railroad, 33 Pac. (Cal.) 53; Ellis v. Harrison, 104 Mo. 270; Howsmon v. Water Co., 119 Mo. 304.

## STATEMENT.

The plaintiff, a firm of attorneys, sued the defendant railway, as the successors in title and obligation of two other railways, for the amount of two respective judgments aggregating $11,111.68, recovered by plaintiffs against said railways for personal services alleged to have been performed in and about the matter of carrying out a consolidation of the two railways according to the plan of a reorganizing committee formed for that purpose.

The roads which were acquired, in pursuance of a contract and plan adopted for that purpose, will be termed for brevity the "Gulf Company" and the "Belt Company." The reorganizing committee caused the incorporation of the defendant, the Kansas City Southern Railway Company, to acquire the property and corporate control of the two former. The process by which the defendant accomplished this was through a receivership and foreclosure of the Gulf and Belt companies at the instance of the holders of their bonds secured by mortgage, and the foreclosure of the stocks and bonds of the Belt Company, and a subsequent foreclosure of a mortgage therein.

After the appointment of a receiver for the Gulf Company by the Federal Court, a committee of reorganization at Philadelphia, which had succeeded the New York committee, proposed and published a contract and plan to reorganize the Gulf Company and its associated companies, which plan as modified on November 7, 1899, was carried out. This plan was addressed to the holders of the bonds and stocks of the Gulf Company et al., and was designed for the purchase of the Gulf Company under a foreclosure of the mortgages thereon; and then, to transfer the property to a corporation to be organized (the defendant, the Kansas City Southern Railway Company), which new

257 Mo. 27

company was expected to receive the stocks and bonds of two other corporations allied to the Gulf Company and to issue in payment thereof, new securities to be disposed of as thereafter stated.

By this means it was contemplated: (1) That the new company would own the property of the Gulf Company and the stock and bonds of the Belt Company, and the bonds of its constituent companies, and the bonds and stocks of the Port Arthur C. & D. Company, and thereby unite the corporate control of "all the properties." The bonds and stock thus acquired were to be pledged as security for the new first mortgage to be executed by the purchasing company. (2) The attainment of efficiency, economy and control of the property. (3) That in case of the failure to acquire the two terminal properties, then the purchase of others at Kansas City and Port Arthur and a corresponding reduction of the new securities.

The plan further set out the conditions of participation by the persons invited to co-operate therein, and a schedule of the securities to be issued, and the uses and payments to which they were to be put:

"(a)   Bonds to the extent of $3,802,500 are to be put in the treasury for *future requirements.*

"(b)   The sum of $5,900,000 arising from a sale of $3,000,000 first mortgage bonds and $3,000,000 preferred stock, and from payments of ten dollars per share by participating stockholders, are to be reserved for the *cash requirements* of the new company, which includes such payments as may be made upon the floating debt, not to exceed the sum of $475,000.

"(c)   All the balance of the securities to be appropriated specifically in *exchange* for securities of the old companies."

Following the foregoing features was the reorganization agreement, taken as a part thereof, but stipulating that "no estimate, statement, explanation or

suggestion contained" in either "should be accepted as a representative warranty or agreement."

This plan and contract, and also the foreclosure decrees and sales and purchases of the property, and the conveyance made thereunder to the defendant, and a full report by its vice-president of the accomplishment of the plan to the New York Board of Trade, were introduced in evidence. Other documents were introduced in the evidence and if necessary will be cited in the opinion.

The two plaintiffs were called to testify and give a history of the transactions and their connection therewith to the effect that the services rendered by them to the Gulf and Belt companies and upon which their judgments were based, were performed with the knowledge, consent and approval of the reorganization committee, and through correspondence with its attorney. That the legal steps taken by them were necessary and proper to the accomplishment of the contract and plan of the reorganizing committee, whereby the defendant secured ownership and control of the railway between Kansas City, Missouri, and Port Arthur, Texas, with suitable terminals at both places. The contract and plan of the reorganizing committee expressly provided that the new company (which the evidence showed was the defendant) should assume and pay all of the expenses incurred by the reorganizing committee in the accomplishment of the scheme incurred for the unification of the property described in its plan and contract.

The case was submitted to the trial court, upon the waiver of a jury, who subsequently rendered a judgment for planitiff, July 6, 1910, in the sum of $16,763.14, with the following memorandum of his reasons.

"Inasmuch as the services sued for in this case were rendered in accomplishing the scheme from which the reorganization or consolidation in fact was ef-

fected, it became and was a part of the expense attending such reorganization, and for that reason, if for no other, these plaintiffs should recover in this case regardless of the question whether the defendant company was liable or is liable for the following obligations of the constituent companies. Judgment for the plaintiffs as prayed for.''

From that judgment defendant, after the overruling of its motion for a new trial, appealed to this court.

## OPINION.

BOND, J. (After stating the facts as above).— In the view we take of this case it will be unnecessary to rule upon the chief contentions of appellant's counsel, to-wit: (1) That the acquisition by appellant of the property of the Gulf Company and ultimately of the property of the Belt Company, and the purchase by appellant of the stocks and bonds of the Port Arthur Company, were not a statutory consolidation under section 3077 of the present revision; (2) that the degrees of foreclosure and conveyance to appellant thereunder, or the participancy of the individual plaintiffs in the scheme of reorganization and the acceptance of new securities for old ones owned by them, are conclusive against the right to maintain the present action in their firm name.  For neither of these contentions, nor any other urged for appellant, touch the question of the right of the plaintiffs to recover from defendant, under the positive terms of the reorganization contract and plan, whereby the expenses of the reorganizing committee which were incurred in achieving the purpose for which it was formed and to carry out the plan which it had in charge, were to be borne and assumed by the new company, the defendant.

As to their right to recover on this theory the plaintiffs petition set forth in its first count the following allegations:

"From time to time between the —— day of April, 1899, and the —— day of March, 1900, the plaintiffs at the special instance and request of the Kansas City, Pittsburg & Gulf Railroad Company, and at the special instance and request, and with the knowledge and consent of the said New York and Philadelphia committees, rendered and performed valuable professional services as attorneys at law in and about the matter of carrying out and consummating the said consolidation of the said properties and the said reorganization of the said securities, which services were of the reasonable value of ten thousand dollars or more."

These allegations show that, among other grounds, plaintiffs sought a recovery in this case, not upon the theory of a fraudulent acquisition of the property of their debtors by defendant, but upon the allegations that the services rendered by them were within the direct contractual obligations undertaken by defendant when it obtained the ownership and control of the property through the efforts of the reorganizing committee and in accordance with its plan, to pay for all services rendered to that committee or expenses incurred by it in carrying out the plan for acquiring the property.

The oral testimony of the two plaintiffs and the letters received by them from their attorney, tended to prove that the judgments sued on were based upon professional work and expenses rendered and incurred by them in aiding the object of the reorganization committee and in furtherance of its plan for the unification of the property and corporate control of the several railroads.

The trial court gave credence to that testimony and grounded its judgment thereon. If that testimony was true, it brought the plaintiffs within contractual relations with defendant (in view of the agreement by defendant to assume and pay the debts and expenses incurred by the committee of reorganization) and entitled plaintiffs to the judgment rendered in this case.

It is wholly immaterial whether plaintiffs could have recovered upon that feature of the plan of the reorganizing committee, which appropriated $475,000 for the payment of the floating indebtedness of the companies to be absorbed. For whether that was such a contract for their benefit, as plaintiffs could legally invoke, need not be decided. It is sufficient to authorize the affirmance of the judgment below, that it should appear, as the record shows, that the amounts recovered were reasonable and fell within the scope of the allegations of the petition and were supported by substantial evidence. The character of the services rendered and the reasonableness of the compensation, were before this court on former appeals. [Trimble v. Railroad, 180 Mo. 574; Trimble v. Railroad, 199 Mo. 44; Trimble v. Railroad, 201 Mo. 372.]

The learned trial court correctly conceived the vital question of law in this case. There was material evidence supporting his finding of fact and the judgment is affirmed. All concur.