Morris v. German.

the defendant, removing the defendant from said office of
county treasurer.

All the Justices concurring.

JOHN MORRIS V. R. P. GERMAN.

ATTORNEY-FEES; *Stipulation in Mortgage; Proof.* On the foreclosure of
a mortgage containing a stipulation to pay reasonable attorney-fees,
in case of foreclosure, it is error for the court without the hearing
of any evidence, upon simply its own knowledge, to tax the amount
of such fees.

*Error from Shawnee District Court.*

FORECLOSURE of mortgage, brought by *German* against
*Morris* and wife. The plaintiff had judgment at the June
Term 1872, and defendants bring the case here. The only
question here decided is as to the allowance of attorney-fees,
respecting which the facts are fully stated in the opinion.

*W. P. Douthitt,* and *C. M. Foster,* for plaintiffs in error,
contended that what was a reasonable attorney-fee for fore-
closure was, under the pleadings, an issue of fact to be tried
by jury. If the court had the power to tax an attorney-fee,
it should have had evidence. It cannot take judicial notice
of the value of professional services: 33 Ind., 124; 37 Ind.,
517.

*G. C. Clemens,* for defendant in error, cited *Tholen v. Duffy,*
7 Kas., 405, and § 399 of the civil code as amended by the
act of 1870, p. 175. The *court* (which does not include the
*jury*) is to tax the attorney-fees, just as it taxes costs. "Tax"
means adjustment, *fixing the amount.* No testimony is re-

quired. To hear *testimony* as to the amount to be allowed would take away the power given to the court, and leave it to witnesses to fix the amount.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court to foreclose two mortgages. The mortgages contained a stipulation to pay "reasonable attorney-fees" in case of foreclosure. There being a dispute as to the amount due on the notes, the case was tried by a jury. No testimony was offered concerning attorney-fees, and the verdict found simply the amount due on the notes. The motion for a new trial having been overruled, the court rendered judgment for the amount of the verdict, and a decree for the foreclosure and sale of the mortgaged premises. It also, upon the application of the plaintiff, and without hearing any testimony, taxed an attorney-fee of one hundred dollars, and included it in the judgment. To this at the time the defendants excepted. We think the court erred, and that what was a "reasonable attorney-fee" was a question of fact to be settled upon evidence. A party recovers attorney-fees upon the foreclosure of a mortgage, not by virtue of any statutory authority, but by virtue of the contract. In the absence of any stipulation therefor, none can be recovered. They are in no sense costs. *Swartzel v. Rogers*, 3 Kas., 380; *Stover v. Johnnycake*, 9 Kas., 367. If the amount is fixed by the mortgage, there is nothing to litigate except as to the validity of the mortgage. If it is designated as a certain per cent., there is nothing but a mere calculation. But if the stipulation is to pay "reasonable attorney-fees," or what amounts to the same thing, "attorney-fees," then a matter is presented which can be settled only upon evidence. The statute does not determine what are "reasonable attorney-fees," and it is not a matter of which the court can take judicial notice. We are referred to Laws of 1870, p. 175, §13, in which it is provided that "the court shall tax the costs, attorney-fees, and expenses which

may accrue in the action, and apportion the same among the parties according to their respective interests," etc. We do not understand this as giving the court the power, of its own discretion, and without testimony, to assess the amount of the attorney-fees, any more than the amount of the costs. It authorizes the court to tax costs, whose amounts are specified in the statute, attorney-fees, whose amounts are fixed by the contract of the parties or otherwise settled upon the basis of their stipulations, and adjust and apportion them between the parties, and upon the respective interests. We do not decide that the court is not the proper tribunal to hear the evidence, and from that assess the attorney-fees. Indeed, it seems to us that at least as to all mortgages executed since the passage of the act of 1870, above noticed, (the mortgages in this action were executed before that act,) it is the proper tribunal. All we decide is, that such assessment, by whatever tribunal pronounced, must be based upon proper evidence. We are referred also to the decision in *Tholen v. Duffy*, 7 Kas., 405, in which a contract to pay ten per cent. was sustained, and quotations are made to us from the language of that opinion. We did not decide in that case that courts can take judicial cognizance of the proper amounts of attorney-fees, or assess them without evidence. We upheld the contract because the amount did not appear so excessive as to be unconscionable for a court of equity to enforce. The principle of that case would apply here if, the amount having been determined upon evidence, it was insisted that such amount was so grossly excessive as ought not to be upheld. The question is one which in the very nature of things may require evidence. The proper fee depends upon several circumstances — the amount in controversy, the difficulty of the questions, the amount of time and labor employed. Now all of these things do not necessarily come before the court, or within its knowledge; and to ask a court to determine reasonable compensation therefor, without being fully advised therein, would be manifestly improper. *Bowser v. Palmer*, 33 Ind., 124; *Wyart v. Pattorff*, 37 Ind., 512. It will be unnecessary however to

send this case back for a new trial. It will be sufficient to remand the case with instructions to modify the judgment by striking out the allowance for attorney-fees, and it is so ordered. The costs of this court will be divided.

All the Justices concurring.