WINSLOW GAS COMPANY ET AL. *v.* PLOST.

[No. 9,745. Filed March 25, 1919.]

1. MECHANICS' LIENS.—*Foreclosure.—Attorney's Fees.—Necessity of Proof.*—In an action to foreclose a mechanic's lien, the court cannot include in the judgment foreclosing the lien an amount for reasonable attorney's fees, under §8307 Burns 1914, Acts 1909 p. 295, where there has been no proof as to the value of such services. p. 613.

2. APPEAL.—*Review.—Evidence.—Sufficiency.—Scope of Review.*—In determining the sufficiency of the evidence to sustain the special finding of facts for plaintiff, the court on appeal must consider the direct evidence most favorable to him, together with all reasonable inferences that the trial court was warranted in drawing therefrom. p. 615.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Paul Plost against the Winslow Gas Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed conditionally.*

*Frank Ely* and *Remy & Berryhill,* for appellants.

*John M. Vandeveer* and *John K. Chappell,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellants, the Winslow Gas Company and the Fortville Gas Company, to foreclose a mechanic's lien for services rendered by appellee in cleaning out and plugging a natural gas well. The complaint is in a single paragraph, to which appellants filed an answer in general denial. The appellant Fortville Gas Company also filed a counterclaim for damages to the well, alleging that it was the owner thereof, and that appellee was employed to clean the same, and plug the water therefrom; that he performed said work so negligently and unskilfully that the well, which was worth more than $1,000 prior thereto, was rendered of no value. On the trial of the cause a special finding of facts was requested and made, and conclusions of law stated thereon, on which judgment was rendered against both appellants for $769, which included an attorney's fee of $75. A decree was entered foreclosing appellee's lien, and ordering a sale of the leasehold in question in satisfaction of his judgment. Appellants filed a motion for a new trial, which was overruled, and have assigned as one of the errors on which they rely that the court erred in overruling said motion.

Appellants state in their brief that the only questions involved in this appeal are based on the sufficiency of the evidence to sustain the special finding of facts. We will therefore confine our consideration

to such questions in that regard as are presented by appellants in their propositions or points. The question on which appellants lay the greatest stress relates to that part of the finding in which it is found that there is due appellee the sum of $75 as an attorney's fee. Appellants contend that there is no evidence to sustain that part of said finding. Appellee concedes that there is no direct evidence in that regard,and has failed to cite any indirect evidence that would sustain such a finding. As our investigation has failed to disclose any such evidence, we will assume that none was introduced. The question then arises whether, in the foreclosure of a mechanic's lien, the court can include in the judgment rendered an amount for an attorney's fee, where there has been no proof in that regard.

The statute providing for attorney's fees in such actions is as follows: "In all suits brought for the enforcement of any lien under the provisions of this act, if the plaintiff or lien-holder shall recover judgment in any sum, he shall also be entitled to recover reasonable attorney's fees, which shall be entered by the court trying the same, as a part of the judgment in said suit." §8307 Burns 1914, Acts 1909 p. 295, §13.

Appellee contends that under this statute the court is authorized, without proof, to include a reasonable attorney's fee in any judgment rendered in the

1.   foreclosure of a mechanic's lien, as a matter of judicial knowledge. We cannot concur in this contention. It has been expressly held that a court cannot take judicial notice of what is a reasonable attorney's fee. *Wyant v. Pottorff* (1871), 37 Ind. 512; *Morris v. German* (1875), 14 Kan. 221. Other

decisions of this state impliedly so decide, by holding that the amount of such a fee is a matter of proof. *Bowser* v. *Palmer* (1870), 33 Ind. 124; *Smiley* v. *Meir* (1874), 47 Ind. 559; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 32 N. E. 738, 33 N. E. 361. It is well settled that an agreement in a promissory note to pay an attorney's fee is a contract of indemnity only, and that under such an agreement the holder of such note can only recover such a sum as he has actually expended or become liable for in the collection of such note. *Kennedy* v. *Richardson* (1880), 70 Ind. 524; *Moore* v. *Staser* (1892), 6 Ind. App. 364, 32 N. E. 563, 33 N. E. 665; *Shoup* v. *Snepp* (1899), 22 Ind. App. 30, 53 N. E. 189. The statute quoted *supra* was evidently enacted for the same purpose, and not for the purpose of providing an arbitrary penalty to be imposed by the court in such an amount as it might determine without evidence. It is a matter of common knowledge that the amount of a reasonable attorney's fee, as provided by the statute in question, depends upon a number of circumstances, such as the amount in controversy, the number and seriousness of the questions involved, the difficulties encountered in prosecuting the action, as well as the time and labor employed. All of these things do not necessarily come before the court, or within its knowledge, and it would be manifestly improper to ask the court to determine reasonable compensation therefor, without being fully advised therein. Moreover, a court cannot be advised as to what amount the plaintiff has expended or become liable for as an attorney's fee without evidence. For these reasons it has been uniformly held in this state, in actions on promissory notes, that a plaintiff must establish on the trial, not only his right to re-

cover an attorney's fee, but also the amount thereof, by proper evidence. *Reynolds* v. *Baldwin* (1884), 93 Ind. 57; *Starnes* v. *Schofield* (1892), 5 Ind. App. 4, 31 N. E. 480; *Shoup* v. *Snepp, supra; Warren* v. *Syfers* (1899), 23 Ind. App. 167, 55 N. E. 103; *Lindley* v. *Sullivan, supra.* The decisions of other states are to the same effect. *Johnston Harvester Co.* v. *Clark* (1883), 30 Minn. 308, 15 N. W. 252; *Orr* v. *Sparkman* (1897), 120 Ala. 9, 23 South. 829; *Parker* v. *Dekele* (1903), 46 Fla. 452, 35 South. 4; *First Nat. Bank, etc.* v. *Krance* (1878), 50 Iowa 235. In actions in this state to foreclose mechanics' liens, the statute fixes the right to a reasonable attorney's fee, but the amount thereof must be determined by the evidence. *Rexing* v. *Princeton Window Glass Co.* (1912), 51 Ind. App. 124, 94 N. E. 1031. This is in accord with the well-considered case of *Gunby* v. *Drew* (1903), 45 Fla. 350, 34 South. 305, wherein the court said: "The statute allows the prevailing plaintiff his reasonable attorney's fees to be fixed by the court, not to exceed ten per cent. of the recovery. We have repeatedly held that where a mortgage provides for a reasonable attorney's fee, the record must show that the allowance thereof was made on proper testimony, and that it is error to decree a sum therefor without such proof. * * * There is no difference in principle between the contractural and statutory liability, and we do not think the question an open one in this State."

Appellants contend that the evidence does not sustain the special finding of facts in other particulars.

2. But considering the direct evidence most favorable to appellee, together with all reasonable inferences that the trial court was warranted

in drawing therefrom, as we are required to do, we cannot say that there was a total lack of evidence to support the special finding of facts in the other particulars named. *Moerecke* v. *Bryan* (1915), 183 Ind. 591, 108 N. E. 948.

As the evidence fails to sustain the finding relating to an attorney's fee, the judgment is erroneous to that extent. However, as the erroneous part of the judgment clearly appears by the finding of the court to be $75, it may be separated from the correct amount, and the judgment affirmed, if a remittitur for the erroneous part is entered. Therefore, if, within thirty days, appellee shall enter a remittitur for $75 as of the date of the original judgment, said judgment will be affirmed at appellee's cost; otherwise, the judgment is reversed at appellee's cost, with instructions to sustain appellant's motion for a new trial.

Dausman, C. J., McMahan and Nichols, JJ., concur. Remy, J., not participating.

PER CURIAM.—It appearing from the certificate of the clerk of the Pike Circuit Court, dated April 2, 1919, and filed in this court on April 4, 1919, that the appellee has entered on the judgment rendered in this cause in the Pike Circuit Court a remittitur of $75, the judgment is now affirmed at appellee's cost in accordance with the opinion of this court heretofore rendered on March 25, 1919.