## DUNN v. DEITSCHEL ET UX.

[No. 25,861. Filed January 17, 1930. Rehearing denied December 29, 1932.]

*Wm. H. Reed* and *Wm. E. Clapham,* for appellant.
*Hogan & Hogan,* for appellees.

MARTIN, J.—The appellant brought this action to recover a balance of $628.77 alleged to be due on a building contract, for foreclosure of a mechanic's lien, and for attorneys' fees in the sum of $125.00. The appellee filed an answer in general denial and also paragraphs of answer and cross-complaint asking damages because of alleged defective, improper and inferior material and workmanship used and performed in the construction of the house. The appellant, by reply, set up that there had been an agreement between the parties as to the amount due and a partial payment made, leaving the balance due in the sum prayed for in the complaint.

Upon a trial by the court, finding and judgment was rendered for appellant in the sum of $120.00 from which judgment he appeals, assigning as error the overruling of his motion for a new trial, wherein he alleged that the amount of recovery was too small, and that the court erred in admitting evidence regarding defects in workmanship performed before the date of the alleged accounting between the parties. The evidence regarding the existence of an account stated between the parties is conflicting, and we can not hold that the court erred in admitting the evidence complained of.

The finding differs from the ordinary or usual and proper finding in mechanic's lien cases (wherein the amount found to be due plaintiff under the contract and the amount found to be due him as reasonable attorneys' fees are separately stated), the finding being in the following words and figures:

"Come now the parties herein by Counsel, and the Court, now finds for the plaintiff, against the defendants, in the sum of one hundred and twenty dollars ($120.00), together with the costs in this cause, laid out and expended, all without relief from valuation and appraisement laws; The court further finds that the plaintiff is entitled to have his mechanic's lien foreclosed against both defendants."

A judgment, in the usual form, for $120.00 and for foreclosure of the lien followed. §9837 Burns 1926 provides:

"In all suits brought for the enforcement of any lien under the provisions of this act, if the plaintiff or lien holder shall recover judgment in any sum, he shall also be entitled to recover reasonable attorney's fees, which shall be entered by the court trying the same, as a part of the judgment in said suit."

The appellant contends that "having recovered judgment for the foreclosure of his mechanic's lien and for $120.00 appellant (by reason of this statute) was entitled to recover reasonable attorneys' fees." We agree that under this statute a plaintiff who recovers a judgment is entitled (upon submitting proof in respect thereof) to recover reasonable attorneys' fees, but there is nothing presented by this record to show that the, trial court did not award attorneys' fees to appellant or that the same were not "entered by the court . . . as a part of the judgment." The appellant did not request the court to make a special finding of facts, he did not file any motion to make the general finding in his favor more specific or definite, nor does it appear that he requested the court, either before or after it made the finding, to show therein the amount due him under the contract and the amount due him as reasonable attorneys' fees. In the absence of any such action by appellant we are bound to assume that the court followed the direction of the statute and that the amount

of the finding made, and the judgment rendered, included attorneys' fees.

The only evidence concerning the value of the services rendered by appellant's attorneys was given by an attorney testifying on behalf of appellant as to his opinion as an expert. He testified that a reasonable attorney's fee would be 15 per cent on the first $300.00 of the claim and 8 per cent on the excess, $35.00 for filing the pleadings and $35.00 a day for the time spent in the trial. The record shows that the trial consumed at least three days' time and if the court was bound by this evidence, the appellant, in case he recovered any judgment, would be entitled to attorneys' fees in excess of the amount of the judgment which was rendered. Uncontradicted expert opinion evidence, however, as to the value of attorney's services is not conclusive or binding upon a trial jury, *Zimmer* v. *Kilborn* (1913), 165 Cal. 523, 132 P. 1026, Ann. Cas. 1914D, 368; *Lowe* v. *Reed* (1922), 207 Ala. 278, 92 So. 467; *Shuman* v. *Ruud* (1916), 35 N. D. 384, 160 N. W. 507; nor upon a trial court, *Evors* v. *Bryan* (1919), 77 Fla. 399, 81 So. 513; *Sain* v. *Bogle* (1916), 122 Ark. 14, 182 S. W. 515; *In re Estate of Chismore* (1922), 194 Iowa 300, 189 N. W. 770. This is especially true in the case of a court, which is itself an expert as to the value of attorneys' services and may apply its own knowledge and professional experience in determining the value of the services rendered, *Epp* v. *Hinton* (1918), 102 Kan. 435, 170 Pac. 987; *Lee* v. *Lomax* (1906), 219 Ill. 218, 76 N. E. 377; and we decline to disturb the judgment as being too small.

Judgment affirmed.