DAVID FOX, DOROTHY C. FOX AND S-S-S CORPORATION *v.*
W. RANDOLPH GALVIN, JR.

[No. 2-777A260. Filed October 5, 1978.]

*Frank J. Pope*, of Indianapolis, for appellants.

*Parr, Richey, Obremskey & Morton*, of Lebanon, for appellee.

## CASE SUMMARY

BUCHANAN, C.J. — David Fox (Fox) appeals from the trial court's judgment of $6,500 and attorneys fees of $2,000 in favor of plaintiff, W. Randolph Galvin, Jr. (Galvin) upon his complaint to foreclose a mechanic's lien, claiming the trial court erred in awarding excessive damages, in awarding attorneys fees, and in ordering the lien foreclosed and the real estate sold to satisfy the judgment despite failure of service of process upon co-defendant, Dorothy C. Fox, a joint tenant in the property.

Affirmed in part and reversed in part.

## FACTS

The facts most favorable to the trial court's judgment are:

In 1972, Fox and Galvin entered into an oral contract for renovating the Silver Slipper Saloon in Indianapolis. Galvin was to redesign the saloon, manage and supervise reconstruction, and provide his own labor. For this, he would receive a one-third interest in the real estate and

one-third of the profits of the Silver Slipper Saloon. Fox was to provide the funds necessary for remodeling.

From February, 1972, to April, 1973, Galvin remodeled and reconstructed the Silver Slipper. Galvin's total work under the oral contract amounted to approximately 1,400 hours.

On April 6, 1973, Galvin filed two notices of mechanic's lien — one addressed to the title owners of the property, Jack G. and Lucille D. Messmer, and the other to Fox, who was purchasing the property on contract. The $6,500 mechanic's lien was for Galvin's work in connection with the saloon.

The Silver Slipper Saloon was destroyed by fire on May 23, 1973. This suit was filed against David Fox, Lucille D. Messner, and Jack G. Messner on August 17, 1973. Summonses were issued and service of process was made on each defendant.

Following the dismissal of the Messners from this action, Galvin amended his complaint on April 9, 1975, to include as defendants Dorothy C. Fox (a joint tenant) and S-S-S Corp. (a corporation formed by Fox, Dorothy C. Fox, and their now-deceased father-husband). The summonses issued to the new parties were not served. Alias summonses for both additional parties were then issued, to be served at The Pink Palace Beauty Salon. The summonses were returned unserved with the following notation:

As to Dorothy C. Fox — "Hasn't worked here for 6-8 mos." As to S-S-S Corporation — "They've never heard of S-S-S Corp."

At trial, the court found in favor of Galvin and awarded him a $6,500 judgment against Fox for the value of his labor under the oral contract, an attorneys fee of $2,000, and ordered the lien foreclosed and the real estate sold to satisfy the judgment. No evidence was offered as to attorneys fees.

Fox appeals.

### ISSUES

Three issues are presented:

ISSUE ONE:    Were the damages excessive because certain payments made by Fox to Galvin were not set off?

ISSUE TWO: Did the court err in awarding an attorneys fee of $2,000, because there was no evidence in the record as to the value of attorney services?

ISSUE THREE: Did the court err in ordering the mechanic's lien foreclosed and the real estate sold to satisfy the judgment due to the failure to serve co-defendant Dorothy Fox with process?

As to ISSUE ONE, Fox maintains the value of eight checks should have been subtracted from the damages awarded. Galvin contends these checks were payment for items other than Galvin's services.

As to ISSUE TWO, Fox asserts any award of reasonable attorneys fees must be supported by evidence in the record. Galvin maintains the judge may award reasonable attorneys fees based upon his own experience and knowledge.

As to ISSUE THREE, Fox contends the trial court could not order foreclosure upon co-defendant Dorothy C. Fox's joint tenant property rights without proper service of process. Galvin contends that Fox is not the proper party to raise this issue, and that proper service of process was made.

## DECISION

*ISSUE ONE*

*CONCLUSION* — The award of damages was not excessive because certain payments by Fox to Galvin were not included as payment to Galvin for his services.

Eight cancelled checks from Fox to Galvin (or his business concern, the Black Curtain Dinner Theater) totaling $1,254 were introduced into evidence. Fox maintains this total should be set off against the $6,500 judgment. In support of this, the appellant's brief cites Fox's testimony that he believed those checks were compensation to Galvin for his services.

However, not to be outdone, the Appellee's brief excerpts from the record testimony by Galvin precisely to the contrary. Thus there was conflicting evidence and we will not reweigh the conflicting evidence. Rather we will support the judgment. *Kirk v. Harris* (1977), 173 Ind.App. 445, 364 N.E.2d 145; *Charlie Stuart*

*Oldsmobile, Inc. v. Smith* (1976), 171 Ind.App. 315, 357 N.E.2d 247.

## ISSUE TWO

*CONCLUSION*— The trial court did not err in awarding $2,000 attorneys fees under IND. CODE 32-8-3-14,[1] despite the lack of the introduction of any evidence on that subject.

In venturing into the propriety of a trial court setting reasonable attorney fees without the benefit of evidence, we enter murky waters. The Indiana cases are conflicting.

Nor is the water clearer elsewhere. The decisions in other jurisdictions indicate no definitive majority view or any discernible trend. Annot., 18 A.L.R.3d 733. Indeed, at least one other state seems to share Indiana's embrangled position.[2]

The split in Indiana authority is long standing and the confusion is compounded by the failure of the cases to cite or distinguish cases reaching a contrary result.[3]

In *Winslow Gas Company v. Plost* (1919), 69 Ind.App. 611, 122 N.E. 594, a mechanic's lien action, the Indiana Appellate Court held that evidence as to a reasonable attorneys fee was required before such an award could be made.

The Indiana Supreme Court reached the opposite conclusion in *Dunn v. Deitschel* (1932), 204 Ind. 269, 169 N.E. 529. In sustaining the trial court,

---

1. IND. CODE 32-8-3-14 provides:

In all suits brought for the enforcement of any lien under the provisions of this act, if the plaintiff or lienholder shall recover judgment in any sum, he shall also be entitled to recover reasonable attorney's fees, which shall be entered by the court trying the same, as a part of the judgment in said suit, however, attorney fees shall not be recovered as part of the judgment against the property owner in any suit in which it is shown that the contract consideration for such labor, material or machinery has been paid, in fact, by the property owner or party for whom the improvement has been constructed.

2. *Compare Wisznia v. Wilcox* (Texas Ct. of Civ. App. 1969) 438 S.W.2d 874, *with Akins v. Coffee* (Texas Ct. of Civ. App. 1964) 376 S.W.2d 953.

3. Annot., 18 A.L.R.3d 733 states that Indiana requires evidence as to attorneys fees. The most recent Indiana decision cited in the annotation for that view is *Winslow Gas Co. v. Plost* (1919), 69 Ind.App. 611, 122 N.E. 594. It fails to recognize any of the conflicting Indiana decisions.

the Supreme Court held a judge was not bound by expert evidence but could apply his own skill in setting the value of attorneys fees. Without citing or distinguishing *Winslow*, the court stated:

[A] court . . . is itself an expert as to the value of attorneys' services and may apply its own knowledge and professional experience in determining the value of the services rendered. . . .

204 Ind. at 272, 169 N.E. at 530.

Also in 1932, the Supreme Court in *In Re Davis* (1932), 204 Ind. 227, 183 N.E. 547, (involving reasonable attorneys fees for handling an estate) again held that the trial court may set the value of legal services without evidence.

The Indiana Appellate Court in *Jackson v. J. A. Franklin and Son* (1939), 107 Ind.App. 38, 23 N.E.2d 23, another mechanic's lien case, reversed an award of attorneys fees because of the lack of any evidence on that subject. *Dunn v. Deitschel, supra,* was distinguished on the grounds that it dealt only with whether the trial court was bound by expert evidence.[4]

A year later in *Waverly Company v. Moran Electric Service* (1940), 108 Ind.App. 75, 26 N.E.2d 55, the Indiana Appellate Court, citing its own *Jackson* case and ignoring the Supreme Court's 1932 *In Re Davis* decision, concluded that it had held repeatedly that in mechanics' lien cases it was error to include attorneys fees without evidence thereof.

In two out of three more recent Indiana cases the Supreme Court has approved the trial court's action in setting attorneys fees without evidence as to the reasonable value thereof.

In *McDaniel v. McDaniel* (1964), 245 Ind. 551, 562, 201 N.E.2d 215, 220, it was said:

[T]he reasonableness of attorney fees is . . . a matter regarding which the judge, being a lawyer, *may take judicial notice.* Therefore, this court will not disturb the trial court's award as to attorney fees, unless there is a clear abuse of discretion. (emphasis supplied)

---

4. The Appellate Court did not take the next necessary step — that is, if a trial court ignored the expert evidence it was making the award of attorneys fees based on its own knowledge and professional experience.

In a tax assessment case, *Sears, Roebuck and Company v. State* (1967), 248 Ind. 169, 225 N.E.2d 175, the Supreme Court determined that a lack of evidence was fatal to an award of attorneys fees. However, the opinion failed to cite or dismiss any of its prior contrary holdings.

The most recent is *In Re Lockyear* (1974), 261 Ind. 448, 305 N.E.2d 440, a disciplinary action in which it was recognized that:

> [T]he holding of the courts in Indiana [is] that a judge has the power to make an award of attorneys fees (where proper) without any evidence whatsoever by merely relying upon his own knowledge of what a reasonable attorney's fee should be.

261 Ind. at 459, 305 N.E.2d at 446.

The Indiana Court of Appeals has not followed the early Appellate Court cases. But rather it has consistently adhered to the rule of *McDaniel v. McDaniel, supra*, and *In Re Lockyear, supra. See Kizer v. Davis* (1977), 174 Ind.App. 559, 369 N.E.2d 439 (attorney's suit to collect fee); *Geberin v. Geberin* (1977) 172 Ind.App. 255, 360 N.E.2d 41 (divorce action); *Roe v. Doe* (1972), 154 Ind.App. 203, 289 N.E.2d 528 (paternity action); *Hardiman v. Hardiman* (1972), 152 Ind.App. 675, 284 N.E.2d 820 (divorce action); *Marshall v. Russell R. Ewin, Inc.* (1972), 152 Ind.App. 171, 282 N.E.2d 841 (mortgage foreclosure).

Two reasons are offered for allowing an award of attorneys fees to be made despite a lack of evidence. One relates to the qualities a judge possesses, while the other relates to the nature of his position.

First, in dealing with attorneys fees, the trial court judge is what the Louisiana Court of Appeals termed "an expert in his own right."[5] Indiana courts, as well as those in other jurisdictions, have recognized the obvious — that judges have an expertise in the legal field. This stems from their status as lawyers, *McDaniel v. McDaniel, supra*, and their knowledge and professional experience obtained as both lawyer and judge. *Kizer v. Davis, supra. See Melnyk v. Robledo* (Cal.App. 1976), 134 Cal.Rptr. 602; *LaSalle National Bank v. Brodsky* (1964), 51 Ill.App.2d 260, 201 N.E.2d 208; *Boydstun v. Cook and Co.* (1960), 238 Miss. 324, 118 So.2d 354.

---

5. *Wegmann v. Suggs* (La. Ct. of App. 1962), 147 So.2d 263.

Second, the trial court judge has before him the entire proceedings of the case. The awarding of attorneys fees is done, not in a void, but in light of all that is involved in the litigation. *See Geberin v. Geberin, supra; Wireman v. Wireman* (1976), 168 Ind.App. 295, 343 N.E.2d 292. *See also Melnyk v. Robledo, supra; Pitcher v. Baltz* (1967), 242 Ark. 625, 414 S.W.2d 859.

As the California Court of Appeals stated in *Melnyk v. Robledo* (1976), 134 Cal.Rptr. at 605:

The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.

It is true in general that judgments should be based on evidence directly submitted by the parties to the tribunal, but it is also true that what transpires from beginning to end of a lawsuit is indirect evidence of what constitutes reasonable attorneys fees. Combined with the judge's knowledge and experience in the legal profession, he "may take judicial notice"[6] of what constitutes a reasonable attorneys fee . . . and it is expeditious that he do so.

While we must swim in the wake of the turbulence created by conflicting cases in this and the Supreme Court, the course to be followed appears to have been chartered by the Supreme Court in *McDaniel* (1964) and *In Re Lockyear* (1974). If no evidence is offered in proceedings in which it is proper for the trial court to award reasonable attorneys fees, he may do so, and his decision is reviewable only for abuse of discretion. *McDaniel v. McDaniel, supra; Geberin v. Geberin, supra; Marshall v. Russell R. Ewin, Inc., supra.*

Considering the amount of the claim, the nature of the proceedings, and that a trial was necessary, we cannot conclude that the trial court abused its discretion in awarding the sum of $2,000 as reasonable attorneys fees. A similar award was approved in *Prewitt v. Londeree* (1966), 141 Ind.App. 291, 216 N.E.2d 724. ($2,050 in attorneys fees in a mechanic's lien foreclosure action in which the judgment for damages was $5,588).

---

6. *McDaniel v. McDaniel, supra.*

*ISSUE THREE*

*CONCLUSION* — The trial court's judgment as to the portion affecting persons not served with process is reversed.

Although we doubt that David Fox is in a position to assert error on behalf of Dorothy C. Fox, *see Umbstead v. Preacher's Aid Society* (1944), 223 Ind. 96, 58 N.E.2d 441; *Wiley v. Coovert* (1890), 127 Ind. 559, 27 N.E. 173, we cannot affirm that part of the judgment which affects property interests of non-served parties.

A basic tenet of our Rules of Trial Procedure is that a defendant falls within the trial court's jurisdiction for a particular civil action only when he has been served with process. Trial Rule 4(A). *See State v. Ennis* (1881), 74 Ind. 17; 7 I.L.E. *Courts,* § 6, and the cases cited therein.

Neither Dorothy C. Fox nor S-S-S Corporation was served with process pursuant to TR. 4. Consequently, the trial court had no jurisdiction over them. Without such jurisdiction, the trial court could not order the the sale of any interest which they possess in the property in question. To the extent the judgment would, any such sale is in error. *See Marvin v. Taylor* (1866), 27 Ind. 73 (in which the Supreme Court held a sale ordered to enforce a mechanic's lien was a nullity as to the property interests of an owner not made a party to the suit).

Therefore, the trial court is affirmed as to Issues One and Two. As to Issue Three, the judgment is reversed for action not inconsistent with this opinion.

Sullivan, J. concurs.

Shields, J. concurs.

NOTE — Reported at 381 N.E.2d 103.