In the Matter of the Petition of Robert H. GRAY and Victoria L. Gray for the Adoption of Angel Lee Klahn.

No. 3–1280A391.

Court of Appeals of Indiana, Third District.

Sept. 28, 1981.

Richard W. Nomady, Legal Intern, Hugo E. Martz, Supervising Atty., Valparaiso University School of Law Clinical Program, Valparaiso, for appellant.

James V. Tsoutsouris, Valparaiso, for appellees.

STATON, Judge.

Robert H. Gray and his wife, Victoria L. Gray filed a Petition for the Adoption of Angel Lee Klahn[1] in the Porter Juvenile Court. After hearing evidence on the petition, the court granted the adoption.

On appeal, Dorothea L. Klahn, the child's natural mother, raises several issues for our consideration:

(1) Did the juvenile court have the subject matter jurisdiction to properly grant the adoption petition?

(2) Did Ms. Klahn receive adequate notice of the hearing on the petition for the adoption of Angel Lee?

(3) Was there error in the failure to follow the procedural requirements as set forth in IC 1971, 31–3–1–6?

---

1. Angel Lee was six months old when she was left with her aunt and uncle, the Grays, by the natural mother. Ms. Klahn explained that she had left Angel with the Grays until she could find "a place to live, and some food and stuff I could give her." At the time of the filing of the Petition for Adoption, Angel Lee was two and a half years old. Ms. Klahn had been asked for her consent to the adoption and had refused. She had told Mrs. Gray that "you can't" adopt Angel.

We reverse and vacate.

A juvenile court has exclusive original jurisdiction in a number of proceedings; the granting of an adoption is not one of them. *See* IC 1971, 31–6–2–1; IC 1971, 31–6–5–5(1). In order to do away with the need to obtain parental consent to an adoption, and thereby extinguish a parent's right in his or her child, the procedural steps contained in IC 1971, 31–3–1–6 must be followed and the petition must be filed in a court "having jurisdiction in probate matters" or in a "separate probate court." IC 1971, 31–3–1–1. Notice of the hearing and an opportunity to file objections to the adoption must be given to the natural parents and other necessary parties. IC 1971, 31–3–1–6(e); *see also Stanley v. Illinois* (1972), 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 for a discussion of due process considerations. With the refusal to give consent, an adoption proceeding becomes adversarial in nature, and the natural parent is entitled to a fair opportunity to establish his or her right to the custody of the child before an impartial tribunal. *Attkisson v. Usrey* (1946), 224 Ind. 155, 65 N.E.2d 489.

Without a lengthy recitation of the facts in the case-at-hand, it is sufficient to note that the Grays' petition was improperly filed in juvenile court,[2] no meaningful attempt was made to comply with the requirements of IC 1971, 31–3–1–6 and inadequate notice was given to Ms. Klahn as to the hearing on the petition for adoption. She was, in fact, unaware that her daughter had been adopted until Mrs. Gray presented the adoption decree to her one month after the hearing.

---

2. The petition for adoption was not coupled with a petition for an adjudication that the child was a delinquent child or one who was in need of services. A juvenile court does have jurisdiction in proceedings to terminate the parent-child relationship if the action is based upon a prior adjudication that the child was a delinquent child or a child in need of services. *See* IC 1971, 31–6–2–1(a)(3). This was not the case herein. The Grays stated in their petition that "said adoption is not being sponsored by any agency" and "that said child is not the ward of any court or agency."

Because the statutes governing adoption are in derogation of the common law, they must be strictly construed as to all procedural requirements. *In Re Adoption of Chaney* (1958), 128 Ind.App. 603, 150 N.E.2d 754. In order to defeat a natural parent's right of custody, persons seeking to adopt have the burden of demonstrating strict compliance with all particular essentials of the adoption statutes. *Johnson v. Cupp* (1971), 149 Ind.App. 611, 274 N.E.2d 411. They must "prove that the living parents of the child have so violated their natural and legal obligations to the child that they come within the terms of the statute authorizing waiver of consent of the natural parents." *In Re Bryant's Adoption* (1963), 134 Ind.App. 480, 189 N.E.2d 593, 599–600. The Grays have failed to make such a showing. We, therefore, reverse with instructions to the court to vacate its decree of adoption.

Reversed and vacated.

GARRARD, J., concurs.

HOFFMAN, P. J., concurs in result with opinion.

HOFFMAN, Presiding Judge, concurring in result.

I concur in the result reached by the majority. However, I disagree with their assertion that the Porter Juvenile Court was without subject-matter jurisdiction. A more careful docketing procedure of causes to insure they are placed in the court with appropriate jurisdiction should be followed. While I do not wish to condone what happened in this cause, I do not believe reversal is warranted on that ground.

The Porter Circuit Court is a court of general jurisdiction which includes juvenile and probate matters, since no other court in that county has exclusive jurisdiction over those matters. IC 1971, 33–12–3–1—33–12–3–2 (1980 Burns Supp.). Simply because the judge of that court reached beneath his bench that morning and pulled out his juvenile court hat rather than his probate court hat does not mean he was without subject-matter jurisdiction. As long as the appro-

priate law was applied, the hat he wore was of little significance.

Trial Rule 4(A) states:

"The court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law."

Ms. Klahn did not commence or join the action, was not served with summons and did not enter an appearance.

IC 1971, 31–3–1–6 (Burns 1980 Repl.) requires that legal notice be given to the natural mother of the child. No manner of service required by TR. 4 was accomplished on the natural mother, Dorothea Klahn. Trial Rule 4.1 provides as follows:

"SUMMONS: SERVICE ON INDIVIDUALS

(A) In general. Service may be made upon an individual, or an individual acting in a representative capacity, by

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgement of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

(4) serving his agent as provided by rule, statute or valid agreement.

(B) Copy service to be followed with mail. Whenever service is made under part (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return."

The only attempts made to comply with this rule were two certified letters which were returned to the sender and never received

by Ms. Klahn because they were sent to incorrect addresses.

Publication was made in the *Porter County Herald* newspaper; however, this publication was not directed at Ms. Klahn and did not satisfy TR. 4.13. Trial Rule 4.13(B)(1) requires the publication to contain the name of the person to whom the notice is directed. The publication here was directed solely to the "unknown father of Angel Lee Klahn." Furthermore, TR. 4.13(C) requires that the notice be published three times. The record is silent as to the number of times it was published and appellant's brief refers to only one date.

As this Court stated in *Fox v. Galvin* (1978), Ind.App., 381 N.E.2d 103, at 108:

> "A basic tenet of our Rules of Trial Procedure is that a defendant falls within the trial court's jurisdiction for a particular civil action only when he has been served with process."

Dorothea Klahn was not served with process pursuant to TR. 4 and consequently, the trial court had no jurisdiction over her. *Fox, supra.*

While it is true that notice can be waived and jurisdiction can be obtained if the party enters an appearance, neither Ms. Klahn nor any counsel representing her appeared at the hearing or filed an appearance before that time.

Because of lack of service of summons, the trial court did not acquire jurisdiction over Ms. Klahn and therefore, judgment of the trial court should be reversed with instructions to the court to vacate its decree of adoption.