Robert R. SMITH and Betty Smith, Plaintiffs-Appellants,

v.

E.H. KENDALL, Donald L. Kendall and Anna Kendall, Defendants-Appellees.

No. 3–284A56.

Court of Appeals of Indiana, Third District.

May 23, 1985.

Louis L. Anderson, South Bend, for plaintiffs-appellants.

Thomas P. Sciortino, Elkhart, for defendants-appellees.

GARRARD, Judge.

The sole issue presented in this appeal is whether the trial court erred by not awarding attorney's fees to Robert R. Smith and Betty Smith when it found for the Smiths on their suit to obtain judgment on two promissory notes. Each note contained a provision for the payment of attorney fees.

This suit originally had been brought by Lotta L. Cooke. After her death, her only heir, Arthur L. Cooke, was substituted as plaintiff. He also died prior to trial, and the executor of his estate was substituted as plaintiff. The Smiths were assigned the notes as part of Arthur Cooke's residuary estate. Thereafter, the Smiths were substituted as plaintiffs.

As to both notes, the court, after awarding an amount for principal and interest, stated in its judgment:

"[P]laintiffs having failed to comply with *Leibowitz v. Moore,* 436 N.E.2d 898 [899]; *Parrish v. Terre Haute Savings Bank,* 438 N.E.2d 1; *Berkemeier v. Rushville National Bank,* 438 N.E.2d

1054, attorney's fees are not allowed plaintiffs' attorney."

Record at 13, 14.

At trial, testimony was presented by Louis L. Anderson, the Smiths' attorney, on the issue of attorney's fees. The entire transcript of his testimony is stated, as follows:

"LOUIS L. ANDERSON, having been first duly sworn upon his oath, was examined and testified as follows:

MR. ANDERSON: I have represented Mrs. Cooke from time immemorial, and have represented Mr. Cooke also, and I have had before her death numerous consultations with her with regard to this claim.

I have represented her in the bankruptcy proceedings to have the bankruptcy assignment of the claim discharged as not being the obligation of Dollar Stretcher, Inc., but the obligation of the signatories on the note.

I have represented them in this court over a period of time, from the time it was filed, including drafting the pleadings and so forth. I have gotten up my time as closely as I can to thirty-three hours, and that is minimum, at $75.00 an hour, your Honor.

THE COURT: Do you want to cross-examine him?

MR. SCIORTINO: Yes, your Honor, just a few questions.

CROSS–EXAMINATION BY MR. SCIORTINO:

Q. Mr. Anderson, you mentioned that you represented Miss Cooke from time immemorial. Do you have any documentation of the times you just testified to to the Court?

A. Any what?

Q. Any documentation of the time you spent, that thirty-three hour period of time.

A. I could get my books and records, yes.

Q. Do you have those with you?

A. I don't have them with me.

Q. Have you divided your time up between the two notes?

A. No, I have not.

Q. So, all of your actions were to go at the two notes at the same time?

A. That's right.

MR. SCIORTINO: No other questions, your Honor."

Record at 25, 26.

The Smiths argue that because they introduced uncontradicted evidence at trial as to Anderson's hourly rate for legal services and his time spent obtaining a judgment on the notes, they are therefore entitled to an award of attorney's fees in light of the clauses in the notes providing for such fees. We disagree.

■ "Stipulations in notes for the payment of attorney's fees are contracts of indemnity purely, and cannot be made a cloak for speculation and profit by the holder." *Shoup v. Snepp* (1899), 22 Ind.App. 30, 53 N.E. 189, 191. Awards made pursuant to these indemnification provisions should not extend beyond reimbursing the holder of the note for the necessary attorney's fees reasonably and actually incurred in vindicating the holder's collection rights by obtaining judgment on the note. *Leibowitz v. Moore* (1982), Ind.App., 436 N.E.2d 899, 902 (Staton, J. concurring).

■ The court's (or the jury's) determination of a reasonable attorney's fee must be based on evidence presented at trial which fairly tends to prove the amount due. *Henry B. Gilpin Company v. Moxley* (1982), Ind.App., 434 N.E.2d 914, 920. The contractual obligation of the maker of the note to pay attorney's fees upon default is evidenced by the note itself. However, that obligation cannot be reduced to an enforceable judgment without evidence being presented at trial from which the amount of a reasonable attorney's fee can be determined. The Smiths had the burden of producing such evidence at trial. *Loudermilk v. Casey* (1982), Ind.App. 441 N.E.2d 1379; *Berkemeier v. Rushville National Bank* (1982), Ind.App., 438 N.E.2d 1054; *Henry B. Gilpin Company v. Mox-*

ley, *supra; Shoup v. Snepp, supra; Starnes v. Schofield,* (1892), 5 Ind.App. 4, 31 N.E. 480.

A suggested framework for a party's proof of attorney's fees appeared in an early case involving the foreclosure of a mechanic's lien, *Winslow Gas Company v. Plost* (1918), 69 Ind.App. 611, 122 N.E. 594. Although, in contrast to our case, recovery of attorney's fees in foreclosing the lien was statutorily authorized, the language in *Plost* clearly was applicable to such recoveries in cases involving promissory notes with attorney's fees provisions.

> "It is a matter of common knowledge that the amount of a reasonable attorney's fees, as provided by the statute in question, depends upon a number of circumstances, such as the amount in controversy, the number and seriousness of the questions involved, the difficulties encountered in prosecuting the action, as well as the time and labor employed. All of these things do not necessarily come before the court, or within its knowledge, and it would be manifestly improper to ask the court to determine reasonable compensation therefor, without being fully advised therein. Moreover, a court cannot be advised as to what amount the plaintiff has expended or become liable for as an attorney's fee without evidence. For these reasons it has been uniformly held in this state, in actions on promissory notes, that a plaintiff must establish on the trial, not only his right to recover an attorney's fee, but also the amount thereof, by proper evidence."

122 N.E. at 595. More recent cases have suggested that the *Code of Professional Responsibility,* DR 2–106(B) be used as a guide for the presentation and consideration of evidence of a reasonable attorney's fee. *Leibowitz v. Moore* (1982), Ind.App., 436 N.E.2d 899, 904–05 (Staton, J., concurring); *Henry B. Gilpin Company v. Moxley, supra* (citing *U.S. Aircraft Financing, Inc. v. Jankovich* (1980), Ind.App., 407 N.E.2d 287).

■ The trial court's conclusion here, based on the three cases cited by the court in its judgment, *supra,* is a conclusion that the Smiths failed to prove by a preponderance of the evidence what liability, if any, they incurred to Anderson for legal services. Without that evidence the court was unable to determine a reasonable fee to award them. We agree that the Smiths have not satisfied their burden. The only evidence presented at trial as to attorney's fees was Anderson's testimony which establishes only the fact that Anderson represented Lotta and Arthur Cooke from the time the suit was filed for a total of thirty-three hours at seventy-five dollars per hour. At the time of trial, however, the cause of action belonged to the Smiths, both the Cookes having died prior to trial.

■ The suit was one for collection on a promissory note, not one in Anderson's name for collection of his fees. The award of attorney's fees in a case such as this is an element of damages arising from the default on payment of the note. There is no attempt to compensate an attorney for all the legal services he or she performed in connection with attempting to collect on the note. To the contrary, the amount of the award is intended to reflect the amount the party recovering on the note reasonably had to expend to reduce to judgment his or her right to that recovery.[1] The attorney's fee award is part of the judgment paid to the plaintiff. It is not an award of fees to the attorney. The fee which an attorney expects from a client is the subject of a separate agreement between the attorney and client and is not directly dependent on whether the court awards fees or the amount of the fees awarded. *Leibowitz, supra.* To award attorney's fees to the holder of a note when there is no evidence such fees have been

---

1. We need not here consider whether anticipated proceedings to effect collection should also be considered on the ground that they will be precluded at a later date due to the doctrine of merger. *See, e.g., Mutual Ben. Life Ins. Co. v. Bachtenkircher* (1935), 209 Ind. 106, 198 N.E. 81 (judgment merges action on which it is based); *Nesbitt v. Nesbitt* (1909), 43 Ind.App. 43, 86 N.E. 867 (amount for collection not allowed).

incurred would result in a possible windfall contrary to the purpose of the attorney's fees provision to indemnify the holder for the payment of legal expenses.

There is no evidence in the record of Anderson's representation of the Smiths or of their indebtedness to him. There is only his assertion that he "got up" his time at $75 per hour, without any evidence as to the reasonableness of that amount. We can assume only that he represented them at trial but, because the only record of the proceedings is the portion of the transcript recited above, we have no way independently to review the extent of that representation. "Attorney fees cannot be awarded in a void." *Briggs v. Clinton County Bank*

*& Trust Company* (1983), Ind.App., 452 N.E.2d 989, 1015. *See also Sears, Roebuck & Co. v. State* (1967), 248 Ind. 169, 225 N.E.2d 175 (reversing an award of attorney's fees where there was no evidence of the amount, adequacy or reasonableness of the fees and no showing of whether any fees had been paid).

The court could properly have determined that the Smiths failed to carry their burden of proof. It is undeniable the Kendalls were obligated under the note to pay attorney's fees in the event of their default. But this fact does not relieve the Smiths of the burden of proving the incurrence of such fees in order to obtain judgment thereon.[2]

**2.** Some may argue, although the Smiths did not, that the court should have taken judicial notice of a reasonable attorney's fee for, at least, Anderson's representation of the Smiths at trial. It has often been said that a trial court may take judicial notice of what a reasonable attorney's fee would be in a particular case. *McDaniel v. McDaniel* (1964), 245 Ind. 551, 201 N.E.2d 215; *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148; *In re. Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696; *Brames v. Crates* (1980), Ind. App., 399 N.E.2d 437; *Fox v. Galvin* (1978), 177 Ind.App. 654, 381 N.E.2d 103.

For several reasons we believe it was proper for the court to refrain from taking judicial notice here. First, it is clear that resort to judicial notice is discretionary with the court. The Smiths made no request that the court use that discretion.

Secondly, resort to judicial notice should be preceded by disclosure at trial that the court intends to take judicial notice of a fact not otherwise in evidence so that the parties have an opportunity to object. *Payson v. Payson* (1982), Ind.App., 442 N.E.2d 1123; *In re. Marriage of Gray, supra.* Here there was no indication the court would take judicial notice of a reasonable attorney's fee.

Thirdly, it is not clear from the cases whether the judicial notice a court may take extends as far as setting a reasonable attorney's fee even where there is *no* other evidence of the attorney's time spent on the case, his or her fee charged to the client, or an independent evaluation of what would be a reasonable fee for the type of litigation before the court. Most of the cases cited for the proposition allowing judicial notice of a reasonable attorney's fee would be more properly used as support for the proposition that the trial judge is not bound to award fees in amount testified to but is free to award an amount he or she deems a reasonable value for those services in light of the evidence before

the court. *See McDaniel v. McDaniel, supra* (expert testimony before the court could have supported a larger amount of fees than those awarded); *McBride v. McBride, supra* (evidence included attorney's time sheet and average hourly rates for the area of practice); *In re. Marriage of Gray, supra* (court may award more than expert testified fees should be based on size of marital estate, time spent on case, and case's complexity); *Brames v. Crates, supra* (court's award sustained when no abuse of discretion shown; not clear whether court relied strictly on judicial notice).

Cases stating that a court may take judicial notice of a reasonable attorney's fee without *any* evidence of the attorney's work on the case or of the fee charged we believe have misconstrued the cases on which they were based. *Marshall v. Russell R. Ewin, Inc.* (1972), 152 Ind.App. 171, 282 N.E.2d 841 relies on *McDaniel v. McDaniel, supra* for affirming an award of attorney's fees in the absence of any evidence of the fees incurred or the reasonableness of the fee granted. The court in *McDaniel,* however, did not award attorney's fees in a void. Using its own independent knowledge of what a reasonable fee would be, the court merely lowered the amount of the award from the amount to which an expert had testified.

*McDaniel* was also used to justify the affirmance of an award of fees without evidence in *Fox v. Galvin, supra.* The court in *Fox* also tried to distinguish three cases which we believe to stand for identical propositions. The court said:

"In *Winslow Gas Company v. Plost* (1919), 69 Ind.App. 611, 122 N.E. 594, a mechanic's lien action, the Indiana Appellate Court held that evidence as to a reasonable attorneys fee was required before such an award could be made.

The Indiana Supreme Court reached the opposite conclusion in *Dunn v. Deitschel*

Accordingly we affirm the trial court and also deny the Smiths' request for additional attorney's fees on appeal.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.

(1932), 204 Ind. 269, 169 N.E. 529. In sustaining the trial court, the Supreme Court held a judge was not bound by expert evidence but could apply his own skill in setting the value of attorneys fees. Without citing or distinguishing *Winslow,* the court stated:

'[A] court ... is itself an expert as to the value of attorney's services, and may apply its own knowledge and professional experience in determining the value of the services rendered....' 204 Ind. at 272, 169 N.E. at 530.

Also in 1932, the Supreme Court in *In re Davis* (1932), 204 Ind. 227, 183 N.E. 547 (involving reasonable attorneys fees for handling an estate) again held that the trial court may set the value of legal services without evidence."

381 N.E.2d at 102–03. The Supreme Court did not reach an opposite conclusion from *Plost* in either *Dunn* or *Davis.* The court in *Dunn* said that "Under this statute a plaintiff who recovers a judgment is entitled (*upon submitting proof in respect thereof*) to recover reasonable attorney's fees...." 169 N.E. at 529 (our emphasis). There was proof submitted as to the value of the attorney's services in the case and the Supreme Court refused to alter the amount awarded in light of the general judgment entered for the plaintiff. The Supreme Court acknowledged the trial court could independently apply its knowledge and experience in setting a reasonable fee and assumed it had done so within the general judgment.